United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30414

_____

DANE INVESTMENTS, LLC,

Plaintiff - Appellant,

versus

H & R BLOCK FINANCIAL ADVISORS, INC.,
formerly known as Olde Discount Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-2080

_____

Before JOLLY, DAVIS, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this appeal Dane Investments ("Dane") seeks to vacate an arbitration award in favor of its stockbroker, H & R Block Financial Advisors, formerly the Olde Discount Corporation ("Olde"). Vacatur is an especially steep hill to climb given our deference to arbitration awards. Here we are satisfied that there are no grounds for holding that the arbitration panel exceeded its authority or that it manifestly disregarded relevant law in making the award.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We also reject Dane's argument that the panel failed to "enforce" an SEC consent order with Olde. Although the panel probably should not have even admitted the consent order into evidence (it certainly was not "enforceable" by the panel), the panel nevertheless admitted and considered it. We further reject the contention that the panel improperly ignored Dane's breach of fiduciary duty claim; although the admittedly terse award made no specific reference to the claim, there is no basis to say it was not considered, and the award explicitly denied any and all claims it did not address specifically. Dane's third argument, that the panel manifestly disregarded National Association of Securities Dealers rules and its own compliance standards in selling Dane unsuitable stocks, is meritless because Dane was an aware, sophisticated, and particularly aggressive investor; further, it is well-established such rules and standards do not provide a private cause of action. Because there is no basis to show what law the panel applied, Dane's argument that it somehow improperly drew upon Michigan law in its decision is without merit. Finally, Dane's contention that the arbitration clause in its agreement with Olde is unconscionable and void is foreclosed because Dane voluntarily brought its claims before the panel and it may not revisit that decision now, having received an adverse judgment.

2

The decision of the district court denying Dane's motion to vacate the arbitration award is therefore

AFFIRMED.